## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JON HETER,

        *Plaintiff,*

  vs.

      Case No. 19-CV-1258-EFM-GEB

CITY OF HUTCHINSON, KANSAS, and
OFFICER JOSH LONG, in his individual and
official capacity,

        *Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Jon Heter brings this action against Defendants City of Hutchinson and Officer Josh Long for unlawful arrest and constitutional deprivation stemming from unlawful seizure. Defendants have filed a Motion to Dismiss (Doc. 18) under Federal Rule of Civil Procedure 12(b)(6), asserting Heter's claims are barred by the statute of limitations and qualified immunity. For the reasons stated below, the Court grants Defendants' motion to dismiss.

### I.      Factual and Procedural Background

On November 17, 2016, while Jon Heter was riding his bicycle home from work, Officer Josh Long of the Hutchinson Police Department stopped him for riding on the sidewalk at night without a headlight. When Long asked for Heter's name, Heter told Long that his name was Aaron Ceneno. Long then asked for Heter's date of birth, but Heter did not respond as requested. Then,

Long handcuffed Heter and placed him under arrest for interference with law enforcement.  Long performed a search of Heter's belongings and found Heter's driver's license as well as evidence of drug crimes.  After identifying Heter from his driver's license, Long discovered that Heter had an outstanding arrest warrant for a probation violation.  Heter was booked in the Reno County Jail then released on bond the same day.

A criminal complaint was filed against Heter by the Reno County District Attorney on November 22, 2016.  Heter was charged with possession of methamphetamine and possession of drug paraphernalia with intent to introduce into the human body.  Heter waived his right to a jury trial.  During his bench trial, Heter moved to suppress all evidence found after the stop.  The district court denied the motion.  Heter was found guilty and sentenced on September 22, 2017 to seventeen months in prison, with eligibility for parole after five months.  On February 20, 2018, Heter was released on an Order of Intensive Supervision Probation for the remainder of his sentence and was discharged from community corrections on September 19, 2018.

On January 11, 2019, the Kansas Court of Appeals reversed Heter's conviction and vacated his sentence.  The court held that Long lacked probable cause to arrest Heter and, therefore, the evidence obtained during the search incident to the arrest should have been suppressed by the district court.   The Court of Appeals remanded the case back to the district court for further proceedings.  On remand, the district attorney dismissed the charges.  Heter filed the present lawsuit on September 23, 2019.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim where the plaintiff has failed to "state a claim upon which relief can be granted."[1]  To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "[2]  The Court must accept all factual allegations in the complaint as true and construe them in a light most favorable to the plaintiff.[3]  However, the Court need not afford such a presumption to legal conclusions.[4]  Ordinarily, if the Court considers matters outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment.[5]  However, the Court "may 'take judicial notice of its own files and records, as well as facts which are a matter of public record,' without converting a motion to dismiss into a motion for summary judgment."[6]

## III.     Analysis

### A.     Statute of Limitations

A defendant may raise a statute of limitations defense in a Rule 12(b)(6) motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been

---

[1] Fed. R. Civ. P. 12(b)(6).

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[3] *Id.* at 678–79

[4] *Id.*

[5] Fed. R. Civ. P. 12(d).

[6] *Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020) (quoting *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006)).

extinguished."[7]  The statute of limitations for claims brought under 42 U.S.C. § 1983 is determined by the state's statute of limitations for personal injury actions.[8]  Heter and Defendants agree that under Kansas law the proper statute of limitations for Heter's § 1983 claims is two years.[9]  The parties, however, disagree on when the statute of limitations began to run.  Defendants assert that the statute of limitations started to accrue on November 17, 2016, either when Long learned of Heter's arrest warrant or when Heter was released on bond.  Heter, conversely, asserts that the statute of limitations began to run on September 19, 2018, when he was released from community corrections.  Alternatively, Heter argues the statute of limitations began to run no earlier than February 20, 2018, when he was released from prison.

The accrual date of a § 1983 claim is not resolved by state law but, rather, is a question of federal law.[10]  Under federal common law, the statute of limitations begins to run when the plaintiff has "a complete and present cause of action."[11]  In *Wallace v. Kato*, the Supreme Court classified false arrest as a type of false imprisonment and analogized both to an unlawful detention.[12]  The same analysis applies here to Heter's claims of unlawful arrest and constitutional deprivation from an unlawful seizure.  For a false imprisonment claim, the statute of limitations begins to run when

---

[7] *Lawson v. Okmulgee Cty. Crim. Justice Auth.*, 726 Fed. App'x 685, 689 (10th Cir. 2018) (citing *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036 n.4 (10th Cir. 1980)).

[8] *Owens v. Okure*, 488 U.S. 235, 236 (1989).

[9] *See* K.S.A. § 60-513.

[10] *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

[11] *Id.*

[12] *See id.* at 389 ("The sort of unlawful detention remediable by the tort of false imprisonment is detention without legal process . . . and the allegations before us arise from respondents' detention of petitioner without legal process in January 1994.  They did not have a warrant for his arrest.").

the false imprisonment comes to an end.[13]  False imprisonment entails a detention without legal process and thus ends when the plaintiff either is released or "becomes held pursuant to such process," such as when the plaintiff is bound over by a magistrate or arraigned on the charges.[14] Other examples of the initiation of legal process include the execution of an arrest warrant and a judicial finding of probable cause after a warrantless arrest.[15]

Although the Kansas Court of Appeals held that Long's search and initial arrest of Heter was unlawful, the court found that, upon discovering a valid arrest warrant, Long had a duty to arrest Heter.[16]  Reno County court documents attached as an exhibit to Defendants' motion show that Long executed the arrest warrant on November 17, 2016, subjecting Heter to legal process. Even if the arrest warrant discovered pursuant to an unlawful arrest is not considered sufficient legal process for the purposes of ending false imprisonment, Reno County court documents also indicate that Heter was released from jail on November 17, 2016.  And if this were not enough to end the false imprisonment, although neither the complaint nor exhibits clearly state a date of the judicial determination of probable cause for the November 2017 charges, Heter's bench trial on July 21, 2017, was certainly sufficient legal process and indicates a judicial finding of probable cause prior to this date.  Thus, the statute of limitations began to run, at the very latest, on July 21, 2017.  When Heter filed this suit on September 23, 2019, the two-year statute of limitations had lapsed; therefore, Heter's § 1983 claims are time barred and must be dismissed.

---

[13] *Id.*

[14] *Id.* (emphasis omitted).

[15] *Young v. Davis*, 554 F.3d 1254, 1257 (10th Cir. 2009).

[16] *State v. Heter*, 2019 WL 166561, *5 (Kan. Ct. App. 2019).

**B.      Qualified Immunity**

Here, the Court need not determine whether Long is entitled to qualified immunity because Heter's § 1983 claims are time barred by the two-year statute of limitations.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 18) is **GRANTED**.

**IT IS SO ORDERED.**

This case is closed.

Dated this 18th day of May, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE